I agree that the proponents were entitled to a judgment as a matter of law. I write to note the following: The contestants presented no evidence indicating that the decedent lacked testamentary capacity on January 15, 1997, when she signed her will. Although several of the contestants' witnesses testified that the decedent slept more than usual after receiving her cancer diagnosis, they presented no evidence to indicate that she was taking any pain medication at the time she signed her will, a mere 12 days after she was diagnosed with cancer, or to indicate that if she had been taking the pain medication it might have interfered with her mental capacity. *Page 1137 
The decedent's neighbor, who happened to be a nurse, testified for the contestants that the pain medication "makes you drowsy and changes your mood, and it clouds you mentally." However, she had no specific knowledge of what medications had been prescribed to the decedent, and she had not been around the decedent for weeks before she signed the will. Another witness, who was present when the decedent signed her will, testified that in her opinion the decedent was at that time of sound mind.
As to the contestants' allegations of undue influence, their testimony at best indicates that the decedent's sister and niece spent a lot of time with her from the time she was diagnosed with cancer in January 1997 until she died in May 1998. The record contains no evidence indicating undue influence on the decedent between the time she made her 1994 will and the time she made her 1997 will. More important, it contains no evidence indicating that the decedent did not act of her own volition or that she devised her property in a manner inconsistent with her free will.